**IN THE COURT OF APPEALS OF IOWA**

No. 23-0488
Filed January 10, 2024

IN RE THE MARRIAGE OF JACCI LYNN BALDUCHI
AND KENNETH GEORGE BALDUCHI

Upon the Petition of
**JACCI LYNN BALDUCHI, n/k/a JACCI LYNN MATZDORFF BALDUCHI,**
    Petitioner-Appellee,

And Concerning
**KENNETH GEORGE BALDUCHI,**
    Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


        Kenneth Balduchi appeals an order denying his motion to adjust withholding

and suspension of his child support payments. **AFFIRMED.**



        Kent A. Balduchi of Balduchi Law Office, Des Moines, for appellant.

        Emily DeRonde of DeRonde Law Firm, PLLC, Johnston, for appellee.


        Considered by Bower, C.J., and Buller and Langholz, JJ.

**BOWER, Chief Judge.**

Kenneth Balduchi appeals an order denying his motion to adjust withholding and suspension of his child support payments. Upon our review, we affirm.

## I.    *Background Facts and Proceedings*

Kenneth Balduchi and Jacci Balduchi divorced in 2012. The dissolution decree ordered Kenneth to pay Jacci $651.26 per month in support of their two children, to be reduced to $432.40 per month upon the oldest child reaching the age of eighteen. These child-support payments were withheld by his employer.

In 2021, after the oldest child reached age eighteen, Kenneth filed a motion to reduce his payments in accordance with the original dissolution decree. The motion was granted in August 2021 and served on Kenneth's employer. However, his employer "erred in implementing the order" and withheld more money than ordered. Kenneth claimed he did not notice these errors until he received his 2021 year-end pay stub. According to Kenneth, he then informed his employer of the error, but his employer did not begin to deduct the correct amount from his paycheck until December 2022.

In January 2023, Kenneth filed a motion to adjust withholding and suspend child support. Jacci resisted the motion, claiming "suspending or terminating [Kenneth]'s child support payment . . . would cause a hardship to the minor child," who "still ha[s] a minimum of one year (2023–2024) wherein he is in high school and fully supported by his parents." Jacci further claimed, "The additional funds received from [Kenneth] were used for the children." For example, she had "purchased a vehicle for the children to drive and has maintained the majority of the care of the children." At the time the motion was heard, Kenneth estimated his

overpayment to be $5449. The district court denied the motion, finding Kenneth's request was barred by the doctrines of laches and equitable estoppel by acquiescence. Kenneth appeals.

## II.    Standard of Review

We review cases in equity de novo. Iowa R. App. P. 6.907. "[W]e examine the entire record and adjudicate anew the rights on the issues properly presented." *In re Marriage of Maher*, 596 N.W.2d 561, 564 (Iowa 1999).

## III.    Overpayment as Credit Applied Against Decree Obligations

Kenneth first argues the district court erred in finding his situation did not warrant an exception to the general rule barring credit for overpayment of child support. This rule, set forth in *In re Marriage of Pals*, states a party who makes voluntary payments more than those required by a dissolution decree is not entitled to credit against payment obligations under the decree. 714 N.W.2d 644, 650 (Iowa 2006). Exceptions to this rule "are made only 'when the equities of the circumstances demand it and when allowing a credit will not work a hardship on the minor children.'" *Pals*, 714 N.W.2d at 651 (citation omitted).

Kenneth claims since his payments were garnished from his wages, they were not voluntary as in *Pals*. In *Pals*, the Iowa Supreme Court found, because overpayments made were voluntarily, they could not be counted as a credit against payments required by a dissolution decree. *Id.* We agree the situation presented here is distinguishable from *Pals* in terms of whether the overpayment was voluntary. Garnishment of Kenneth's wages and the resulting overpayment cannot be considered to be voluntary.

That said, Kenneth's request for adjustment and suspension fails on other grounds. We conclude the fighting issue in this case is whether Kenneth's motion is barred by the doctrine of laches. "Laches is an equitable doctrine premised on unreasonable delay in asserting a right, which causes disadvantage or prejudice to another." *Markey v. Carney*, 705 N.W.2d 13, 22 (Iowa 2005) (citation omitted). The party asserting laches has the burden to establish all essential elements of the defense by clear, convincing, and satisfactory evidence. *Id.* (citation omitted). Thus, Jacci must establish by clear and convincing evidence: (i) Kenneth unreasonably delayed in asserting his right to recuperate overpayment and (ii) she was prejudiced by the delay.

The district court found laches precluded Kenneth's motion for adjustment and suspension:

> [H]ere, [Kenneth] waited seventeen months before he attempted to resolve the issue of his overpayment of child support. [Jacci] spent the overpaid funds on the parties' minor child and it would not be just to require her to pay back the monies already spent. Further, it would not be just to require [Jacci] to be solely responsible for financially supporting the parties' minor child from June 2023 until he reaches the age of majority or graduates from high school.

(Internal citation omitted.)

Upon our de novo review, we agree with the district court's analysis. Kenneth had access to his bi-weekly paystubs and was aware of how much was being withheld from his paycheck. Kenneth acknowledged "the amounts that were withheld by his employer were inconsistent, [but] he thought that the amount had been reduced, when he looked at his pay—pay stubs, but it wasn't abundantly clear." Even though the amounts deducted were inconsistent, after two paychecks simple addition would have made Kenneth aware of the overpayment. Even after

realizing too much was being withheld in his year end 2021 pay stub, Kenneth still failed to file his motion until a full year later.[1]  *See Bohlen v. Heller*, No. 14-1837, 2015 WL 6087621, at *2 (Iowa Ct. App. Oct. 14, 2015) (observing the father "knew he had a child support arrearage, knew funds to satisfy the arrearage were being deducted from his paycheck separately from his current child support obligation," and "he would have known the arrearage was satisfied in 2007 had he monitored the CSRU's withholdings," but "he did not seek termination of the withholdings and recoupment of the overpayment until late 2011").

Kenneth contends his motion cannot be barred by the doctrine of laches because Jacci benefitted from his delay.  But exceptions to the general rule barring credit for overpayment "are made only . . . 'when allowing a credit will not work a hardship on the minor children.'"  *Pals*, 714 N.W.2d at 651 (citation omitted).  Under these circumstances, it would be inequitable to require Jacci to effectively repay funds she has already spent on the children.  *See Bohlen*, 2015 WL 6087621, at *2 (observing "[t]he prejudice . . . was 'obvious': 'Much of the money has already been spent'").  As the court recognized in *Bohlen*, although a party may be unjustly enriched, it is sometimes impossible to return the parties to the status quo.  *Id.* Here, "[Kenneth]'s lack of diligence in monitoring [his withholdings] made it difficult if not impossible to return the parties to the status quo."  *See id.*; *see also In re Marriage of Hoffmeyer*, No. 19-1427, 2020 WL 1887954, at *3 (Iowa Ct. App. Apr. 15, 2020) (Vaitheswaran, J., concurring specially) ("[A]s inequitable as the facts

---

[1] Kenneth's attorney agreed "he waited . . . about a year and a half before he filed a motion."

appear, I agree with the district court and the majority that Carl failed to seek timely relief.").

We affirm the district court's denial of Kenneth's motion to adjust withholding and suspension of his child support payments.[2]

**AFFIRMED.**

---

[2] Because we conclude Kenneth's claim is barred by the doctrine of laches, we need not reach the issue of whether it is also barred by the doctrine of estoppel by acquiescence.